IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH R.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 1882 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Joseph R.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On September 9, 2014, Plaintiff filed a claim for DIB, alleging disability since August 16, 2011. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 18, 2016. On May 12, 2017, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. Plaintiff then appealed to this Court, and, finding error, this Court remanded the case on June 11, 2020.

After remand, another hearing before the same ALJ was held on November 24, 2020. The hearing was conducted telephonically, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. On December 28, 2020, the ALJ again denied Plaintiff's claims for benefits, finding him not disabled under the Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's December 28, 2020 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.  ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). In her December 28, 2020 decision, the ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of August 16, 2011 through his date last insured of December 31, 2016. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with stenosis and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that, through the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform work involving lifting and carrying up to twenty pounds occasionally and ten pounds frequently; up to two hours standing and/or walking, with the rest of the workday spent sitting; occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and the ability to alternate positions every sixty minutes for one to two minutes at a time. At step four, the ALJ concluded that Plaintiff would have been unable to perform his past relevant work as a maintenance mechanic. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he was not under a disability under the Social Security Act during the relevant time period.

## DISCUSSION

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ reversibly erred by not properly assessing Plaintiff's symptoms; (2) the ALJ reversibly erred in weighing the opinion evidence; and (3) the ALJ's decision is constitutionally defective.

In advancing his first argument, Plaintiff contends, *inter alia*, that the ALJ improperly discounted his alleged symptoms based on his activities of daily living. In her decision, the ALJ noted Plaintiff's allegations that since "injur[ing] his back in a motor vehicle accident" he "spends most of his days lying down and can only sit or stand for one or two hours each." (R. 667.) The ALJ further noted Plaintiff's reports that most activities "exacerbated his back pain" and "he can lift about ten pounds and walk one or two blocks." (*Id.*) The ALJ also noted Plaintiff's most recent hearing testimony that "his pain level varied from about a three or four out of ten to a ten-out-of-ten depending on the day" and "he spent seventy percent of the day lying down." (*Id.*) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms cannot reasonably be accepted as consistent with the medical evidence and other evidence in the record." (*Id.*)

Concerning Plaintiff's daily activities in relation to that conclusion, the ALJ found that Plaintiff's credibility was undermined because "[h]e has reported working out with a friend, shooting firearms, mowing his lawn, fishing, hunting, and handiwork around the house." (*Id.* at 668.) With respect to an ALJ's assessment

7

of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Under this legal framework, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was erroneous. The ALJ did not specifically explain how Plaintiff's daily activities were inconsistent with his specific symptom allegations, and did not adequately explain how, for instance, Plaintiff fishing on occasion contradicts Plaintiff's allegations of disabling pain. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not

8

explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."). Instead, the ALJ set forth vague generalities for the most part, which are insufficient. (*See* R. 668 ("The claimant's reported activities during the period at issue are also inconsistent with his allegations."); *id.* ("[T]hese activities tend to be far more strenuous than the residual functional capacity would accommodate."); *id.* ("The claimant's ability to perform these activities at all, even with increased pain, suggests he is not as limited as he has alleged."); *id.* at 671-72 ("[H]is allegations are inconsistent with . . . his level of activity throughout the period at issue.").) *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("Although [the ALJ] briefly described Villano's testimony about her daily activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and limitations she claimed.").

In its prior decision, this Court found that the ALJ erred before by not considering that "although Plaintiff hunted . . . [h]e reported multiple times to his medical providers that his pain increased with periods of significant activity, including hunting, often for days afterward." *Joseph R. v. Saul*, No. 18 C 5046, 2020 U.S. Dist. LEXIS 102297, at \*16-17 (N.D. Ill. June 11, 2020). In her December 28, 2020 decision presently under consideration, the ALJ did make special note of Plaintiff's hunting, stating as follows:

> [H]e often goes down to his property in southern Illinois to hunt. He testified that he goes to this property about one weekend per month, but

9

> has stayed for up to three weeks at time [sic] in a camper. Less than a year after his injury, he was able to go down to his hunting property for deer season. Among other things, his testimony that he has trouble walking on uneven surfaces is inconsistent with this activity.

(R. 668 (citation omitted).) As an initial matter, the ALJ did not explain why the number of visits or lengths of stay at his hunting property bear upon Plaintiff's allegations. Furthermore, Plaintiff points out that he "went hunting a maximum of three days a year for a maximum of one and one-half hours each of those days with the majority of that time of 4.5 hours annually spent lying on the ground waiting." (Pl.'s Br. at 6.) Plaintiff also points out that he "had a special permit to ride in an ATV out to where his friends were hunting and then would be lying down." (*Id.* at 7.) Given this context, the Court agrees with Plaintiff that the ALJ erred in providing "no rationale why lying down for a majority of 4.5 hours a year was more strenuous than ongoing and continuous work for 40 hours a week." (*Id.* at 6.)

In undermining Plaintiff's symptoms, the ALJ also stated that Plaintiff had engaged in "volunteering as a cashier forty hours per week." (R. 668.) However, Defendant previously "concede[d] plaintiff's point that the record is ambiguous about whether plaintiff volunteered at the cashier job 'forty hours a week.'" (Pl.'s Br. at 7 (citing Case No. 1:18-cv-05046, Doc. No. 25).) Additionally, the ALJ noted in her credibility analysis that Plaintiff had injured himself after "attempting to lift a 300 lb animal display" and reasoned that the attempt to lift the object was "wildly inconsistent with the claimant's alleged limitations on standing and lifting." (R. 668.) However, the record reflects that this lifting attempt "resulted in three days of bed rest and the reminder from his treating provider that he needed to stay within

10

his activity tolerance level." (Pl.'s Reply at 4.) The Court agrees with Plaintiff that making a singular ill-advised attempt to try to do something beyond one's capacity that results in injury does not invalidate a claimant's allegations of limitations. *See Scrogham v. Colvin*, 765 F.3d 685, 700 ("[A]t least one of the activities was a precipitating event that led to one of Mr. Scrogham's doctor's visits. Surely, this type of ill-advised activity cannot support a conclusion that Mr. Scrogham was capable of performing full-time work."). Finally, the ALJ apparently found it significant that Plaintiff had expressed an interest in learning to scuba dive. (R. 670.) The Court agrees with Plaintiff that the ALJ did not sufficiently explain why Plaintiff's unrealized hope to try to learn scuba diving undermined his allegations. As such, the "main factors identified by the ALJ as informing [her] negative assessment of [Plaintiff's] credibility were either improperly analyzed or unsupported by substantial evidence" and "the determination itself must be considered patently wrong." *Ghiselli v. Colvin*, 837 F.3d 771, 778-79 (7th Cir. 2016).

In previously remanding, this Court found that the ALJ "erred by focusing on the activities of daily living she found to be inconsistent with Plaintiff's allegations, without considering the full context of that evidence." *Joseph R.*, 2020 U.S. Dist. LEXIS 102297 at *16. The Court finds that the ALJ committed the same error again in her December 28, 2020 decision and that error requires that the matter be remanded a second time. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his

11

daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's subjective symptoms are properly evaluated and the medical opinion evidence is properly weighed. The Court does not reach Plaintiff's constitutional argument.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**          **ENTERED:**

**DATE:      November 14, 2022**          _____
                                          **HON. MARIA VALDEZ**
                                          **United States Magistrate Judge**

13